FILED D.C.
ELECTRONIC

Jun 13, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**13-80124-CR-HURLEY/HOPKINS**
CASE NO. _____

18 U.S.C. § 2113(a)
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

CHRISTOPHER N. GANDOLFO,

                **Defendant.**
_____/

### INDICTMENT

The Grand Jury charges that:

**COUNT 1**
(Bank Robbery, 18 U.S.C. § 2113(a))

On or about February 24, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**CHRISTOPHER N. GANDOLFO,**

did knowingly take, by means of intimidation, from the person and presence of an employee of TD Bank, N.A., located at 2301 North Federal Highway, Boca Raton, Florida, approximately three thousand eight hundred and seventy dollars ($3,870.00) in United States currency, belonging to and in the care, custody, control, and possession of TD Bank, N.A., a bank whose deposits were then insured by the Federal Deposit

1

Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(a) and 2.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MARC S. ANTON
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| Christopher N. Gandolfo, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendant.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

| | | | | New Defendant(s) | Yes ____ | No ____ |
|---|---|---|---|---|---|---|
| ____ Miami | ____ Key West | | | Number of New Defendants | ____ | |
| ____ FTL | _X_ WPB | ____ FTP | | Total number of counts | ____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     _No_
   List language and/or dialect     _____

4. This case will take   _4_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                (Check only one)

   | I | 0 to 5 days | _X_ | Petty | ____ |
   |---|---|---|---|---|
   | II | 6 to 10 days | ____ | Minor | ____ |
   | III | 11 to 20 days | ____ | Misdem. | ____ |
   | IV | 21 to 60 days | ____ | Felony | _X_ |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No)     _No_
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____     District of _____

   Is this a potential death penalty case? (Yes or No)     _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     ____ Yes     _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     ____ Yes     _X_ No

_____
Marc Anton
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court : 0148369

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>Christopher N. Gandolfo,</u>

**Case No**:_____

Count #: 1

<u>Bank Robbery</u>

<u>Title 18, United States Code, Section 2113(a)</u>

\* **Max. Penalty**:   20 years imprisonment; $250,000 fine; 3 years supervised release

Count #



**\*Max. Penalty**:

Count #



**\*Max. Penalty**:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.